**NEAL H. FLASTER L.L.C.**
30 Columbia Turnpike
P.O. Box 21
Florham Park, New Jersey 07932
Tel. No.: 973-822-7900
Attorney for Plaintiffs
Greg Manning, et als

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GREG MANNING; CLAES ARNRUP; POSILJONEN AB; POSILJONEN AS; SVEABORG HANDEL AS; FLYGEXPO AB; and LONDRINA HOLDING, LTD. | |
| Plaintiffs, | Hon. Jose L. Linares, U.S.D.J. |
| *vs.* | Civil Action No.: 2:12-cv-04466-JLL-MAH<br>Motion Date: September 4, 2012<br>Oral Argument Requested |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; KNIGHT CAPITAL AMERICAS, L.P., formerly known as KNIGHT EQUITY MARKETS L.P.; UBS SECURITIES, L.L.C.; E* TRADE CAPITAL MARKETS L.L.C.; NATIONAL FINANCIAL SERVICES, L.L.C.; CITADEL DERIVATIVES GROUP, L.L.C.; JOHN DOES 1-10 (names being fictitious) and ABC COMPANIES 1-10 (names being fictitious), jointly, severally or in the alternative, individually, | |
| Defendants. | |

## Plaintiff's Brief in Support of Notice of Motion for Remand
## Pursuant to 28 U.S.C. § 1447 and For Attorney's Fees

# TABLE OF CONTENTS

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    NATURE OF THE CASE
       A. Plaintiffs' Allegation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       B. Plaintiffs' Legal Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

III.   PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

IV.    ARGUMENT AND CITATION OF AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . .4

       I.      The Within Action Should be Remanded to State
               Court Because This Court Lacks Subject Matter
               Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

               A.      Defendants Have the Burden of Demonstrating
                       That Removal is Proper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

               B.      Removal was Improper as All Claims Asserted
                       By Plaintiffs Arise Under State Law . . . . . . . . . . . . . . . . . . . . . . . . . 6

                       1.      The New Jersey RICO claims
                               (Counts One and Two). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

                       2.      The New Jersey Common Law Claims
                               (Counts Three to Ten). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

               C.      Pleading Federal Predicate Acts in a State Law
                       RICO Claim does not confer Federal Jurisdiction . . . . . . . . . . . . . . 9

       II.     Plaintiffs are Entitled to Attorney's Fees . . . . . . . . . . . . . . . . . . .. . . . . . . . 17

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

i

# TABLE OF AUTHORITIES

## CASES

Abels v. State Farm Fire & Cas. Co.,
    770 F. 2d 26 (3d Cir. 1985)...................................................................................2,5

Austin v. Ameriquest Mortg. Co.,
    510 F. Supp. 2d 1218 (N.D. Ga. 2007)........................................................2

Avenius v. Banc of Am. Sec. LLC,
    No. C06-04458, 2006 WL 4008711 (N.D. Cal. Dec. 30, 2006)................................1,16

Ayres v. General Motors Corp.,
    234 F.3d 514 (11th Cir. 2000)...............................................................15,16

Beneficial Nat. Bank v. Anderson,
    539 U.S. 1 (2003)...............................................................................5

Bourke v. Carnahan,
    No. Civ. C2-03-144, 2003 U.S. Dist. LEXIS 13399 (S.D. Ohio, July 1, 2003).............11

Bowles v. Russell,
    551 U.S. 205 (2007)............................................................................5

Boyer v. Snap-On Tools Corp.,
    913 F. 2d 108 (3d Cir. 1990)..................................................................5

Brooklawn v. Brooklawn  Housing Corp.,
    124 N.J.L. 73 (E. & A. 1940)..................................................................8

Brunson v. Affinity Fed. Credit Union,
    199 N.J. 381 (2009)............................................................................8

Capece v. DTCC,
    2005 WL 4050118 (S.D. Fla. Oct. 11, 2005)...........................................14,15

Caterpillar, Inc. v. Williams,
    482 U.S. 386 (1987)..........................................................................3,6

Christianson v. Colt Industries Operating Corp.,
    486 U.S. 800 (1988)...........................................................................12

Cohen v. Stevanovich,
    722 F. Supp. 2d 416 (S.D.N.Y. 2010)..........................................................................15

Crowe v. Coleman,
    113 F.3d 1536 (11th Cir. 1997)..................................................................................6

D'Allessio v. N.Y. Stock Exchange, Inc.,
    258 F.3d 93 (2d Cir. 2001)..........................................................................................15

DiGirogio Corp. v. Mendez and Co.,
    230 F. Supp. 2d 52 (D.N.J. 2002).................................................................................8

Empire Healthchoice Assurance, Inc. v. McVeigh,
    547 U.S. 677 (2006).....................................................................................................13

The Fair v. Kohler Die & Specialty Co.,
    228 U.S. 22 (1913).........................................................................................................5

Fairfax Financial Holdings Limited v. S.A.C. Capital Management, LLC,
    2007 WL 1456204 (D.N.J.)...........................................................................1,10,11,17

Franchise Tax Board v. Construction Laborers Vacation Trust,
    463 U.S. 1 (1983)........................................................................................................5,6

First National State Bank v. Carlyle House, Inc.,
    102 N.J. Super. 300 (Ch. Div. 1968), aff'd, 107 N.J. Super. 389
     (App. Div. 1969), certif denied, 55 N.J. 316 (1970).....................................................8

Gates Condominium Assoc., Inc. v. Arrow Exterminators, Inc.,
    No. 1:04-cv-1258-CAP, slip op. At 6-7 (N.D. Ga. June 30, 2004)................................2

Goepel v. National Postal Mail Handlers Union,
    36 F. 3d 306 (3rd Cir. 1994).........................................................................................5

Grable v. Darue Engineering & Manufacturing,
    545 U.S. 308 (2005)..................................................................................................12,13

Graham Commercial Realty, Inc. v. Shamsi,
    75 F. Supp. 2d 1371 (N.D. Ga. 1998).......................................................................2,11

Gully v. First Nat'l Bank,
    299 U.S. 109 (1936)........................................................................................................6

Harris v. Perl,
    41 N.J. 455 (1964).................................................................................8

Hawkins v. NASD Inc.,
    149 F.3d 330 (5th Cir. 1998)...............................................................15

Horowitz v. Marlton Oncology, P.C.,
    116 F. Supp. 2d 551 (D.N.J. 1999)......................................1,9,10,11

Howery v. Allstate Ins. Co.,
    243 F. 3d 912 (5th Cir. 2001)..............................................................13

In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.,
    203 F. Supp. 2d 1032 (S.D. Ind. 2002)...............................................11

Kahn v. Solomon Bros. Inc.,
    813 F. Supp. 191 (E.D.N.Y. 1993)......................................................15

Leonard v. Enterprise Rent-a-Car,
    279 F.3d 967 (11th Cir. 2002).............................................................5

Local 1 FLM-FJC v. Caputo,
    No. Civ. A. 86 Civ. 3839, 1988 U.S. Dist. LEXIS 1253
    (S.D.N.Y. Feb. 18, 1988)....................................................................11

Martin v. Franklin Capital Corp.,
    546 U.S. 132 (2005).............................................................................17

McCoy v. Creative Consulting Services of Northeast Georgia, Inc.,
    2:07-cv-0098,  2008 WL 268920 (N.D. Ga. January 29, 2008)................................6

Meinders v. Refco Sec., Inc.,
    865 F. Supp. 721 (D. Colo. 1994)....................................................1,11

Merrell Dow Pharmaceuticals, Inc. v. Thompson,
    478 U.S. 804 (1986)...........................................................................6,9

Mints v. Educ. Testing Service,
    99 F. 3d 1253 (3rd Cir. 1996)..............................................................3

Patterman v. Travelers, Inc.,
    11 F. Supp. 2d 1382 (S.D. Ga. 1997)..................................................11

Printing Mart v. Sharp Elec. Corp.,
    116 N.J. 739 (1989).........................................................................................8

Rains v. Criterion Systems,
    80 F. 3d 339 (9th Cir. 1996)..........................................................................12

Raymond v.  Cregar,
    38 N.J. 472 (1962)..........................................................................................8

Rusak v. Ryan Auto.,
    418 N.J.Super. 107 (App. Div. 2011).............................................................8

Samuel-Bassett v. KIA Motors Am., Inc.,
    357 F. 3d 392 (3d Cir. 2004)..........................................................................5

Scouten v. Amerisave Mortg. Corp.,
    Nos. 1:04-cv-1125CAM, 2004 WL 5486512 (N.D. Ga. Dec. 16, 2004).......................2

Sokolay v. Edlin,
    65 N.J. Super. 112 (App. Div. 1961)..............................................................8

Sons of Thunder, Inc. v. Borden, Inc.,
    148 N.J. 396 (1997)........................................................................................8

Sullivan & Long, Inc., v. Scattered Corp.,
    47 F.3d 857 (7th Cir. 1995), *cert denied*, 516 U.S. 818 (1995)..................15

VRG Corporation v. GKN Realty,
    135 N.J. 539 (1994)........................................................................................8

Whitehall Wellington Investments, Inc. v. National Association of Sec. Dealers, Inc,
    No. 00-3899 Civ.  2000 WL 1846129 (S.D. Fla. Dec. 07, 2000)...............15

## **Statutes**

15 U.S.C. §78aa...............................................................................................4,9

18 U.S.C. §1341..............................................................................................15,16

18 U.S.C. §1343..............................................................................................15,16

18 U.S.C. §1961(1)(A).......................................................................................11

18 U.S.C. §1961(1)(B)...........................................................................................11

18 U.S.C. §1961(1)(D)...........................................................................................11

28 U.S.C. § 1331..............................................................................................4,7,9

28 U.S.C. § 1337...............................................................................................4,7

28 U.S.C. §1441..................................................................................................4

28 U.S.C. §1441(a)........................................................................................6,7,9

28 U.S.C. §1441(b).............................................................................................4

28 U.S.C. §1447(c) ......................................................................................5,17,18

N.J.S.A. 2A:15-5.9...............................................................................................8

N.J.S.A. 2C:20-2..............................................................................................3,7

N.J.S.A. 2C:20-4..............................................................................................3,7

N.J.S.A. 2C:41-1..............................................................................................1,7

N.J.S.A. 2C:41-1(a)(2)........................................................................................11

N.J.S.A. 2C:41-2(a)..............................................................................................7

N.J.S.A. 2C:41-2(c)..............................................................................................7

N.J.S.A. 49:3-47..................................................................................................3

N.J.S.A. 49:3-71..................................................................................................7

**Other Citations**

A. Rachelson, Corporate Acquisitions, Mergers and Divestitures, §4:79 (2008)..................17

## I.    **INTRODUCTION**

The Notice of Removal filed by Defendant Merrill Lynch, Pierce, Fenner & Smith (hereinafter, "ML") is an improper attempt to escape jurisdiction of the Superior Court of New Jersey.[1]  Although Plaintiff's Amended Complaint alleges only state law claims, ML asserts that this Court has federal jurisdiction because one of the categories of predicate acts set forth in support of Plaintiffs' allegations under the New Jersey Racketeer Influenced and Corrupt Organizations Act, N.J.S.A. 2C:41-1 et seq. (hereinafter, "RICO") relates to violations of federal securities laws. ML also claims that this Court has exclusive jurisdiction to adjudicate violations of the Federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

However,  relevant case law demonstrates otherwise, as cases removed to federal court have consistently been remanded where the predicate acts alleged under state RICO statutes include violations of the federal securities laws, such as the Exchange Act.  See Fairfax Financial Holdings Limited v. S.A.C. Capital Management, LLC, 2007 WL 1456204 at *5 (D.N.J.); Meinders v. Refco Sec., Inc., 865 F. Supp. 721, 723(D. Colo. 1994); Horowitz v. Marlton Oncology, P.C., 116 F. Supp. 2d 551, 554-556 (D.N.J. 1999).  Specifically, deceptive and manipulative conduct involving short sales of securities has been found not to raise a substantial federal question sufficient to invoke the jurisdiction of the federal courts. See Avenius v. Banc of Am. Sec. LLC, No. C06-04458, 2006 WL 4008711, at *4 (N.D. Cal. Dec. 30, 2006).  The Federal District Courts in Georgia, who have handled this particular issue on numerous occasions, have routinely rejected the argument that there is federal jurisdiction over state RICO claims when the complaint alleges both federal and state law predicate

---

[1]Defendant Knight Capital Americas, L.P., f/n/a Knight Equity Markets and E*Trade Capital Markets, LLC each consent to the removal of the case to this Court.

acts. See Austin v. Ameriquest Mortg. Co., 510 F. Supp. 2d 1218, 1226 (N.D. Ga. 2007); Scouten v. Amerisave Mortg. Corp., Nos. 1:04-cv-1125 CAM, 2004CV83343, 2004 WL 5486512 at *2 (N.D. Ga. Dec. 16, 2004); Gates Condominium Assoc., Inc. v. Arrow Exterminators, Inc., No. 1:04-cv-1258-CAP, slip op. at 6-7 (N.D. Ga. June 30, 2004); Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1373-1374 (N.D. Ga. 1998).

For the reasons set forth below, Plaintiffs' state law claims do not "arise under" Federal law simply because federal predicate acts may be referenced in their state RICO claims. As it is well established that the removal statute is to be construed narrowly in favor of state court jurisdiction (See, Abels v. State Farm Fire & Cas. Co., 770 F. 2d 26, 29 (3d Cir. 1985)), with all doubts resolved in favor of remand back to state court, Plaintiffs' decision as the "master of their claims" to file their complaint alleging violations of New Jersey statutes and common law should not be lightly disturbed.

## II.    NATURE OF THE CASE

### A.    Plaintiffs' Allegations.

Defendants are major Wall Street financial institutions who have engaged in a form of stock manipulation of the common stock of Escala Group, Inc. ("Escala") known as "naked short selling". See Amended Complaint. In a typical legal short sale, a seller who believes the price of a company's stock will decline borrows shares of that stock and sells the borrowed shares with shares purchased at a lower price. The difference between the price at which the borrowed stock was sold and the price at which the replacement stock is bought is the profit that is made by the short seller.

"Naked short selling" occurs when a trader sells securities that they do not own, or ever intend to own, and never replaces the borrowed securities that they sell. Instead of legitimately locating, borrowing, and replacing authorized shares of the Escala stock that they purportedly sold,

Defendants devised fraudulent schemes and devices to electronically create unauthorized shares of Escala stock which they traded and re-traded to effectuate their unlawful goals.  In so doing, Defendants electronically flooded the market with millions of artificial, unauthorized shares of Escala stock which they never paid for, which they repeatedly traded for their own and/or client's accounts, making tens of millions of dollars of unlawful profits.

### B.     Plaintiffs' Legal Claims

Although Defendants' naked short selling scheme violated both New Jersey state and Federal law, it is well established that Plaintiffs, "as the master of the complaint", may by eschewing claims based on federal law, elect to have the case heard in state court. Mints v. Educ. Testing Service, 99 F. 3d 1253, 1256 (3d Cir. 1996) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Here, Plaintiffs have asserted several categories of unlawful predicate acts by Defendants in Counts One and Two of the Amended Complaint, alleging violations of New Jersey RICO based on New Jersey law (e.g., a) securities fraud in violation of the New Jersey Uniform Securities Law, N.J.S.A. 49:3-47; b) theft by taking in violation of N.J.S.A. 2C:20-2; and c) theft by deception in violation of N.J.S.A. 2C:20-4). In addition, Plaintiffs assert eight separate common law claims against Defendants based on the following legal theories, none of which involve federal law or a federal question: a) unjust enrichment (Count Three); b) unlawful interference with Plaintiffs' economic advantage (Count Four); c) tortious interference with Plaintiffs' contractual relations (Count Five); d) unlawful interference with Plaintiffs' contractual relations (Count Six); e) third party beneficiary claims (Count Seven); f) breach of the covenant of good faith and fair dealing (Count Eight); g) negligence (Count Nine); and h) punitive and exemplary damages (Count Ten).

### III.    PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on May 8, 2012, naming six defendants, including ML.  An Amended Complaint was filed on June 7, 2012, with ML being served with the Complaint and Amended Complaint on June 18, 2012. Defendant ML's Notice of Removal was filed on July 17, 2012.

### IV.    ARGUMENT AND CITATION OF AUTHORITY

### I.    The Within Action Should Be Remanded to State Court Because This Court Lacks Subject Matter Jurisdiction.

Although Plaintiffs' Amended Complaint asserts only state law causes of action, Defendants removed the case from New Jersey to federal court based on the theory that the claims asserted in the pleadings "arise under" the federal securities laws, and therefore, are removable under 28 U.S.C. §§ 1331, 1337 and 1441 and 15 U.S.C. §78aa.  Defendants also contend that there is original federal jurisdiction over the proceedings under 28 U.S.C. §1331 because the claims "arise under" the Securities and Exchange Act of 1934 (the "Exchange Act). Further, Defendants submit that pursuant to 15 U.S.C. § 78aa, this Court has exclusive jurisdiction over Plaintiffs' claims because they are based on alleged violations of duties existing and created under the Exchange Act.  However, for the reasons set forth below, Defendants' arguments cannot be sustained as a matter of law.

### A.    Defendants Have the Burden of Demonstrating that Removal is Proper.

In order for a civil action to be removed to Federal Court, it has to be founded on a claim "arising under" the Constitution or the laws of the United States. See 28 U.S.C. §1441(b); 28 U.S.C. §1331. A case will only "arise" under Federal Law when a well pleaded complaint establishes either

that Federal Law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial disputed question of Federal law.  <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1,6 (2003), <u>Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust</u>, 463 U.S. 1, 13 (1983).

On a motion to remand, the party removing the action to Federal Court bears the burden of proving that federal jurisdiction is appropriate. See <u>Leonard v. Enterprise Rent-a-Car</u>, 279 F.3d 967,972 (11th Cir. 2002) and <u>Samuel-Bassett v. KIA Motors Am., Inc.</u>, 357 F. 3d 392, 396 (3d Cir. 2004); See also, <u>Boyer v. Snap-On Tools Corp.</u>, 913 F. 2d 108, 111 (3d Cir. 1990).  The removal statute, in mandatory language, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded." 28 U.S.C. §1447(c) (emphasis added). Because only Congress has the power to determine the contours of the federal court's limited subject matter jurisdiction, removal statutes are to be strictly construed, with all doubts resolved in favor of remand. See,  <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F. 2d 26, 29 (3d Cir. 1985). See also, <u>Bowles v. Russell</u>, 551 U.S. 205, 212-213 (2007)(internal citations omitted) ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them.").

It is well settled that "the party who brings the suit is master to decide what law he will rely upon" and if that party elects not to assert federal causes of action, no federal question jurisdiction is raised.  <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 22 (1983) quoting <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913). Whether an action "arises under" federal law for jurisdictional and removal purposes is determined by reference to the well pleaded allegations of the complaint. <u>Goepel v. National Postal Mail Handlers Union</u>, 36 F. 3d 306,

309 (3rd Cir. 1994)(citing <u>Caterpillar</u>, supra at 482 U.S. at 392 and <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112-13 (1936); See also, <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986). ("[T]he question for removal jurisdiction must also be determined by reference to the 'well pleaded complaint'"). Under this "well pleaded complaint" rule, if the plaintiff elects to assert only state law causes of action, there is no federal question jurisdiction. <u>Franchise Tax Board,</u> supra at 463 U.S. at 22.

Thus, a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law. <u>Caterpillar</u>, supra at 482 U.S. at 399. See also, <u>Merrell Dow</u>, 478 U.S. at 810 n.6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"). In this instance, the Court's salutary policy of resolving any doubt in favor of remand **"is intended to avoid exposing the plaintiff to the possibility that he will win a final judgment in Federal Court, only to have it determined that the court lacked jurisdiction on removal, a result that is costly not just for the plaintiff but for all the parties and for society when the case must be relitigated."** (emphasis added). <u>McCoy v. Creative Consulting Services of Northeast Georgia, Inc.</u>, 2:07-cv-0098, 2008 WL 268920 (N.D. Ga. January 29, 2008)(quoting <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997).

**B.      Removal was Improper as All Claims Asserted by Plaintiffs Arise Under State Law.**

Defendants removed this action from New Jersey state court based <u>inter alia,</u> on 28 U.S.C. §1441(a), which provides for removal of actions brought in state courts over which district courts have original jurisdiction.[2] However, Plaintiffs' allegations in their pleadings leave no doubt that each

---

[2]The statute provides: "Except as otherwise expressly provide by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

and every one of the causes of action asserted therein arise under New Jersey law, not federal law. Specifically, Counts One and Two of the Amended Complaint allege causes of action under New Jersey's RICO statute and Counts Three to Ten allege New Jersey common-law causes of action.

### 1. The New Jersey RICO Claims (Counts One and Two)

In Count One of the Amended Complaint, Plaintiffs' claim that the Defendants engaged in acts of racketeering arising under New Jersey law in violation of N.J.S.A. 2C:41-2(c). See Amended Complaint ¶¶ 88-113. The New Jersey RICO statute, N.J.S.A. 2C:41-1 et seq., defines and enumerates the predicate acts of "racketeering activity" that constitute a "pattern of racketeering activity". Plaintiffs allege that Defendants, acting in concert and in furtherance of their common unlawful scheme, violated enumerated provisions of state law, specifically: a) N.J.S.A. 49:3-71 (securities fraud); b) N.J.S.A.2C:20-2 (theft by taking); and c) N.J.S.A. 2C:20-4 (theft by deception). In Count Two of the Amended Complaint, Plaintiffs assert a claim against Defendants alleging that they violated N.J.S.A. 2C:41-2(a) of the New Jersey RICO Act for receiving income as a result of their racketeering activity. Amended Complaint ¶¶ 114-122. In so doing, Plaintiffs make no allegations that would invoke original federal question jurisdiction over state court claims.

### 2. The New Jersey Common Law Claims (Counts Three to Ten)

The remaining eight causes of action asserted by Plaintiffs are based on claims that arise from

---

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Defendants also cite 28 U.S.C. §1331 (which provides for original "federal question" jurisdiction), and §1337 (which provides the district courts have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies). See Notice of Removal ¶6. There is no allegation of diversity of citizenship, nor could there be, as Plaintiffs and several defendants are citizens of and reside in New Jersey.

New Jersey common law:

- Count Three asserts a cause of action for unjust enrichment under New Jersey law. Amended Complaint ¶¶ 123-127. See <u>VRG Corporation v. GKN Realty</u>, 135 N.J. 539 (1994) (sets forth elements of claim under New Jersey law).

- Count Four asserts a cause of action for unlawful interference under New Jersey law with Plaintiffs' economic advantage. Amended Complaint ¶¶ 128-133. See <u>Printing Mart v. Sharp Elec. Corp.</u>, 116 N.J. 739 (1989)(sets forth elements of claim under New Jersey law).

- Count Five asserts a cause of action for tortious interference under New Jersey law with Plaintiffs' contractual relations. Amended Complaint ¶¶ 134-140. See <u>Harris v. Perl</u>, 41 N.J. 455 (1964) and <u>DiGiorgio Corp. v. Mendez and Co.</u>, 230 F. Supp. 2d. 52 (D.N.J. 2002)(sets forth elements of claim under New Jersey law).

- Count Six asserts a cause of action for unlawful interference under New Jersey law with Plaintiffs' contractual relations. Amended Complaint ¶¶ 141-145. See <u>Raymond v. Cregar</u>, 38 N.J. 472 (1962) and <u>Sokolay v. Edlin</u>, 65 N.J. Super. 112 (App. Div. 1961) (sets forth elements of claim under New Jersey law).

- Count Seven asserts a cause of action arising out of third party beneficiary status under New Jersey law. Amended Complaint ¶¶146-149. See <u>Brooklawn v. Brooklawn Housing Corp.</u>, 124 N.J.L. 73 (E. & A. 1940) and <u>First National State Bank v. Carlyle House, Inc.</u>, 102 N.J. Super. 300 (Ch. Div. 1968), *aff'd,* 107 N.J. Super. 389 (App. Div. 1969), *certif denied*, 55 N.J. 316 (1970).

- Count Eight asserts a cause of action for breach of the covenant of good faith and fair dealing under New Jersey law. Amended Complaint ¶¶ 150-154. See <u>Sons of Thunder, Inc. v. Borden, Inc.</u>, 148 N.J. 396 (1997) (sets forth the elements of the claim under New Jersey law).

- Count Nine asserts of cause of action for negligence under New Jersey law. Amended Complaint ¶¶ 155-158. See <u>Brunson v. Affinity Fed. Credit Union</u>, 199 N.J. 381 (2009) (sets forth elements of the claim under New Jersey law).

- Count Ten asserts a cause of action for punitive and exemplary damages under New Jersey law. Amended Complaint ¶¶ 159-161. See <u>N.J.S.A.</u> 2A:15-5.9 *et seq.*, the *Punitive Damages Act* (sets forth standards and procedure for determination of punitive damages); <u>Rusak v. Ryan Auto.</u>, 418 N.J.Super. 107 (App. Div. 2011)

Since each of the common law causes of action pled in the Amended Complaint are derived from New Jersey law, no federal question jurisdiction issue is raised. Therefore, Defendants' removal of the case from New Jersey State court under 28 U.S.C. § 1441(a) was improper as this Court lacks original jurisdiction over the causes of action asserted by Plaintiffs.

### C.    Pleading Federal Predicate Acts in a State Law RICO Claim does not confer Federal Jurisdiction.

In its Notice of Removal, ML incorporates a brief summary setting forth its position as to why removal is appropriate, with the crux of ML's argument being that 15 U.S.C. §78aa grants Federal courts exclusive jurisdiction over actions that allege violations of the Exchange Act, notwithstanding that only state claims are pled. See ML's Notice of Removal at pages 3, 4, 8 and 9. However, the Supreme Court held in <u>Merrell Dow Pharmaceuticals</u>, 478 U.S. at 817 that (quoting 28 U.S.C. §1331) *"a complaint alleging a violation of a federal statute as an element of a state cause of action...does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'"* (emphasis added). <u>Id</u>. Thus, federal predicate acts alleged as elements of a state law claim do not give rise to federal jurisdiction, nor do they provide the basis for the removal of the case to federal court.

There have been at least two cases decided in the District of New Jersey with similar fact patterns which held that a federal violation alleged as a predicate act in a state law RICO case does not create federal jurisdiction. In the first, <u>Horowitz v. Marlton Oncology, P.C.</u>, 116 F. Supp. 2d 551, 554-556 (D.N.J. 1999), plaintiff sued defendants under New Jersey's RICO statute and state common law alleging federal and state predicate acts, including mail and wire fraud, federal money laundering and federal securities fraud.  The Court granted plaintiff's motion to remand, holding that federal

predicate acts did not create federal question jurisdiction sufficient to support removal of the case to district court. Id. Specifically, the Court stated:

> [P]laintiff in the instant case chose to forgo federal claims.  She does not seek to recover damages for violation of federal law; she has elected to proceed purely under state law claims.  Her cause of action will succeed if she satisfies the elements intended by the New Jersey legislature. ***That New Jersey borrowed a federal definition for an element of this state law cause of action cannot operate to confer jurisdiction upon the federal court.***

Id. at 556 (emphasis added).

In another decision on the same issue,  Fairfax Financial Holdings Limited v. S.A.C. Capital Management, L.L.C., plaintiffs alleged that defendants engaged in "manipulative short selling" of securities in violation of New Jersey's state RICO statute and state common law and asserted that defendants violated both federal and state law, including the Exchange Act, as predicate acts in the state RICO claim. Id., at 2007 WL 1456204 (D.N.J.).  In response, the defendants contended, much as they do in the case sub judice, that the federal court had exclusive jurisdiction over Exchange Act claims under Section 27 and that removal was warranted. Nonetheless, the Court remanded the case to state court, holding that Section 27 was inapplicable, as plaintiffs did not seek to enforce securities laws, but rather asserted violations of the Exchange Act only as predicate acts in support of the state cause of action.  The Court noted that Section 27 pertains only to claims created by the Act, and not to claims created by state law. Id. at *5.

Here, as in both Horowitz and Fairfax, supra, Plaintiffs have elected to proceed on state law claims only.  As in Horowitz,  Plaintiffs "will succeed if [they] satisfy the elements intended by the New Jersey state legislature." Horowitz, supra at 116 F. Supp. 2d at 556.  In fact, the circumstances are even more compelling in the within matter than those in Horowitz since here, Plaintiffs have pled

no federal causes of action, relying on state law to prove its claims. See <u>Fairfax Financial Holdings Limited</u>, supra.  <u>Horowitz</u> makes it clear that while Section 2C:41-1(a)(2) of the New Jersey RICO statute defines "racketeering activity" to include "any conduct defined as "racketeering activity" under 18 U.S.C. §1961(1)(A), (B), and (D)," that does not and cannot transform the state RICO cause of action into a federal claim. <u>Fairfax</u>, supra, at *5.

The decisions in <u>Horowitz</u> and <u>Fairfax</u>,  supra, reflect the widespread consensus amongst the Federal Courts that federal question jurisdiction is not created simply because there are federal predicate acts set forth in actions arising under state RICO laws.  See <u>Bourke v. Carnahan</u>, No. Civ. A. C2-03-144, 2003 U.S. Dist. LEXIS 13399, at *2-3, *15 (S.D. Ohio, July 1, 2003) (remanding Ohio RICO claim, despite alleged predicate violations of federal RICO, wire fraud, and mail fraud statutes) and <u>Local 1 FLM-FJC v. Caputo,</u> No. Civ. A. 86 Civ. 3839, 1988 U.S. Dist. LEXIS 1253, at *5 (S.D.N.Y. Feb. 18, 1988) (remanding where plaintiffs asserted "violations of [federal] statutes only in so far as they are predicate acts for the alleged New Jersey RICO violations" because "[t]he cause of action is created by the New Jersey RICO statute, not federal law").  See also, <u>Patterman v. Travelers, Inc.</u>, 11 F. Supp. 2d 1382, 1388 (S.D. Ga. 1997)(predicate federal mail and wire fraud violations did not confer federal jurisdiction over a Georgia RICO claim); <u>In re Bridgestone/ Firestone, Inc. Tires Prod. Liab. Litig.</u>, 203 F. Supp. 2d 1032, 1035-38 (S.D. Ind. 2002)(remanding Florida RICO claim, notwithstanding predicate allegation that defendants had violated the federal National Traffic and Motor Vehicle Safety Act); <u>Graham Commercial Realty, Inc. v. Shamsi</u>, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998)("asserting violations of federal criminal law as predicate acts to Georgia's RICO act is not sufficiently substantial to confer federal question jurisdiction"); and <u>Meinders v. Refco Sec., Inc.</u>, 865 F. Supp. 721, 723 (D. Colo. 1994) ("the presence of the claimed

11

violation of federal law as an element of the [Colorado Organized Crime Control Act] claim is not sufficiently substantial to confer federal question jurisdiction").

The Supreme Court in Grable v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005) held that where a defendant seeks to remove a complaint alleging only state law claims, the court must ask "does a state law claim [1] necessarily raise a stated federal issue, [2] actually debated and substantial, which [3] a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314(bracketed material inserted). In applying this criteria, the Supreme Court held that removal was warranted in Grable solely because there was an underlying dispute over a "dispositive and contested" issue of federal tax law.

In applying Grable to the case at bar, the response is a resounding "*No*" to the issue as to whether there is federal question jurisdiction. *First*, the complaint does not raise a federal question simply because it alleges predicate acts under New Jersey state law which reference federal statutes. Since Plaintiffs may be successful on their New Jersey RICO and common law claims without the need to prove or establish violation(s) of federal law, their independent state law claims do not "necessarily" present an issue of federal law warranting removal, a critical prerequisite. See, Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 813 (1988) (holding that "the appearance on the complaint's face of an alternative, non-patent theory compels the conclusion that the group-boycott claim does not 'arise under' [federal] patent law"). See also, Rains v. Criterion Systems, 80 F. 3d 339, 345 (9th Cir. 1996) (remanding wrongful termination action because the "invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or

a state statute that can and does serve the same purpose") and <u>Howery v. Allstate Ins. Co.</u>, 243 F. 3d 912, 918 (5th Cir. 2001)("As an alternate theory supporting a single claim, the federal question is not a necessary element of the state claim, and thus does not create federal question jurisdiction").

In <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677 (2006), the Supreme Court held that pleading a federal predicate act in a state RICO claim does not give rise to federal question jurisdiction. <u>Id</u>. In <u>Empire</u>, a health insurer sought to enforce reimbursement rights arising from an insurance contract negotiated pursuant to the Federal Employee Health Benefits Act ("FEHBA"). Although the statute did not by itself create a federal cause of action to enforce contracts, the United States argued that the federal courts had jurisdiction under <u>Grable</u> because the interpretation of the Act was a "necessary element" of the contract claims at issue. <u>Id.</u> at 690. Justice Ginsberg, on behalf of the majority, rejected this argument and found that <u>Grable</u> required that it takes more than a *federal element* "to open the 'arising under' door" to sustain removal to federal court. <u>Id</u>. at 701 (internal citations omitted).

In <u>Empire</u>, supra, the Supreme Court identified four aspects of a case which are determinative as to whether a federal question is presented: 1) whether the case includes a Federal Agency and particularly, whether that agency's compliance with the Federal statute is in dispute; 2) whether the federal question is important; 3) whether a decision on the federal question will resolve the case; and 4) whether a decision on the federal question will control numerous other cases. <u>Id.</u>, at 700. In applying <u>Empire</u> to the within matter, there is no substantial federal question issue presented. *First*, since there is no Federal agency involved, this factor weighs heavily against characterizing the Federal interest as substantial. *Second*, ML fails to explain how a determination whether Defendants violated federal statutes at issue hinges upon a problematic interpretation of any of these statutes, as opposed

13

to the application of non disputed Federal law to the facts. Because Defendants do not and cannot argue that naked short selling is not a form of illegal stock manipulation, they undoubtedly will simply deny that they engaged in such illegal conduct. *Third*, a decision as to whether the defendants violated any Federal statute will not resolve the case because Plaintiff has asserted a plethora of New Jersey state statutes and common law causes of action against Defendants. *Fourth*, since this case is heavily fact specific, there is likely to be no contention that a decision whether Defendants violated federal law will be controlling in other cases, nor has ML identified any aspect of the case that will have precedential value.

In its Notice of Removal, ML primarily relies on cases in which violations of the Exchange Act and other rules promulgated by the SEC were asserted as *direct* claims rather than as predicate acts under state RICO statutes, a significant distinction that is inapposite to the fact pattern presented here.  One such case is Capece v. DTCC, 2005 WL 4050118 (S.D. Fla. Oct. 11, 2005), a non-RICO case, where plaintiffs alleged the Depository Trust & Clearing Corporation ("DTCC") was negligent in failing to comply with the rules governing the Stock Borrow Program ("SBP"), thereby resulting in the devaluation of plaintiffs' holdings. Defendants removed the matter to federal court, and on motion, plaintiff's application for remand was denied on the basis that: 1) plaintiff's allegation of negligence *"require[d] examination of the operation of the SBP rules"* (emphasis added)*; and 2) claims that a federally regulated institution failed to comply with their own rules implicated a substantial federal interest sufficient for removal of the case to Federal court. Id. at pages 7-8.

Here, unlike in Capece, the preemption doctrine is inapplicable to confer federal jurisdiction over Plaintiffs' claim. Federal law does not completely preempt state law directed at prohibiting unlawful conduct in connection with the sale of securities, theft by taking and theft by deception

where defendants' liability may be determined without necessarily having to examine the technicalities of the rules and regulations governing the SBP. See Capece, supra at *7. Moreover, Plaintiffs have not named the DTCC as a defendant, nor have they claimed that the DTCC violated its own rules or challenged the validity of any SBP rule or the rules promulgated by any other federal agency governing the sales of securities, as was the case in Capece. Rather, Plaintiffs have asserted as predicate acts in Count One and Two of the Amended Complaint conduct by Defendants that is actionable under state law.  Moreover, in its Notice of Removal, ML has cited no case where a violation of state securities laws alleged as a predicate act under a state RICO statute created a substantial federal question justifying removal of the case to Federal court.[3]

ML's reliance on Ayres v. General Motors Corp., 234 F.3d 514 (11th Cir. 2000) in support of its Notice of Removal is misplaced, as it is fully distinguishable. In Ayres, Plaintiffs asserted claims under the Georgia RICO statute against two manufacturers who allegedly failed to disclose a defect in cars that they purchased. Id.  Allegations of mail and wire fraud under 18 U.S.C. §§1341 and 1343 "form[ed] the basis of the Georgia civil RICO claim", 234 F.3d at 517.  In denying plaintiff's motion for remand, the Court found that plaintiffs allegations made pursuant to Georgia RICO statute were based on the "Federal right, enforceable through the Federal RICO statute, to be free from violations of the federal mail and wire fraud statutes" and not on any state law predicate act. Id. at 518-519.

---

[3]Other cases cited by ML in its Notice of Removal include: D'Allessio v. N.Y. Stock Exchange, Inc., 258 F.3d 93, 103-104 (2d Cir. 2001); Hawkins v. NASD Inc., 149 F.3d 330, 332 (5th Cir. 1998); Kahn v. Solomon Bros. Inc., 813 F. Supp. 191, 194 (E.D.N.Y. 1993); Cohen v. Stevanovich, 722 F. Supp. 2d 416 (S.D.N.Y. 2010); Whitehall Wellington Investments, Inc. v. National Association of Sec. Dealers, Inc., No. 00-3899 Civ., 2000 WL 1846129 (S.D. Fla. Dec. 07, 2000); and Sullivan & Long, Inc., v. Scattered Corp., 47 F.3d 857 (7th Cir. 1995), cert denied, 516 U.S. 818 (1995).  However, none of these cases allege violations of federal law as predicate acts together with state predicate acts under a state RICO statute and, are therefore inapposite to the within matter.

On appeal, the Eleventh Circuit specifically noted the narrow scope of its decision upholding removal, stating that "[t]he particular controversy in this case may very well make this case one of those exceptional cases" in determining that federal jurisdiction exists. Id. at 519. Most importantly, the Ayres Court acknowledged that **"the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"**, finding that **"... we need not go so far as to hold that every state RICO cause of action which depends upon proving, as necessary predicate acts, a violation of the Federal mail and wire fraud statutes establishes Federal question jurisdiction."** Id. at 519. (emphasis added).[4]

Here, Plaintiffs can prevail in establishing Defendants' predicate acts in violation of New Jersey RICO without relying on or proving a violation of federal law by demonstrating that Defendants engaged in deceptive conduct in never intending to make delivery of the shorted Escala stock. In that regard, Defendants duty or liability for their actions is not created by Federal law, but rather, by state law. Moreover, since Plaintiffs' claims are not predicated *entirely* on rights or obligations created by Federal law, a court need not refer solely to federal law to determine whether Defendants conduct was unfair or fraudulent and therefore, unlawful. Avenius v. Banc of Am. Sec. LLC, No.C06-04458, 2006 WL 4008711 (N.D.Cal. Dec. 30, 2006).

Furthermore, contrary to the claims made by ML in its Notice of Removal, there is no issue of "artful pleading" by Plaintiffs to avoid application of federal law, as the state law predicate acts and claims alleged in the Amended Complaint are sufficient to find liability without the need to prove a violation of Federal law. Because Plaintiffs' claims arise out of *state* law rights and duties, Plaintiffs

---

[4]In the case sub judice, Plaintiffs do not assert causes of action for mail and wire fraud under 18 U.S.C. §§1341 and 1343.

have *state* law rights to be free from fraud, misrepresentation, and material omissions in the sale of securities, *state* law rights to be free from market manipulation and *state* law rights to be free from deceit and theft.  Historically, states have had the power through state statutes and common law to punish abuses in the securities field. The National Conference of Commissioners on Uniform State Laws passed the Uniform Securities Act of 1956 and that statute has been adopted in various forms by 37 states and regulates broker-dealers, securities fraud and market manipulations, including New Jersey. See A. Rachelson, Corporate Acquisitions, Mergers and Divestitures, §4:79 (2008).  Since states may provide claims for relief from abuses in the securities field independent of and in addition to federal claims for relief, no federal question jurisdiction is raised where the plaintiff chooses to pursue only state law claims.

## II.    Plaintiffs are Entitled to Attorneys' Fees.

ML removed this case from state court notwithstanding the existence of extensive authority rejecting their position, including numerous cases from the Third Circuit. Under the removal statute, an order remanding an improperly removed case "may require" an award of costs and attorneys' fees incurred as a result of the removal. 28 U.S.C. §1447(c).  Where, as here, defendants lacked a legitimate and objectively reasonable basis for removal, such award is proper. See Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)  (holding that §1447(c) awards are proper where the removing party "lacked an objectively reasonable basis for seeking removal").

In Fairfax, supra, the Court stated that "[w]here there is a colorable claim for removal, an award of fees should not be granted." Fairfax, 2007 WL 1456204, at *6.  Here, because it cannot be said that the defendants present a "colorable claim for removal" as their position has been uniformly rejected by federal courts in every district in the country, an award of attorney's fees is appropriate,

even in the absence of bad faith. The reason for such an award is to compensate the Plaintiffs for significant attorney's fees incurred in obtaining an order for remand.

## V.     <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that this Court strictly construe Defendants' Notice of Removal and by resolving all doubts in favor of state court jurisdiction, follow well established legal precedent and enter an order remanding the matter to the Superior Court of New Jersey, Law Division, Morris County where it was originally filed. Further, Plaintiffs submit that they are entitled to an award of their attorneys' fees and costs incurred by having to file a notice of motion to remand following Defendants' improper removal of the case to federal court pursuant to 28 U.S.C. §1447(c), in the absence of a "colorable" basis for such removal.

Respectfully submitted,

NEAL H. FLASTER, LLC

By:   /s/ Neal H. Flaster
        Neal H. Flaster

30 Columbia Turnpike
P.O. Box 21
Florham Park, New Jersey 07932
(973) 822-7900

Attorneys for Plaintiffs

Dated: August 16, 2012