**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREG MANNING, et al., | Civil Action No.: 12-4466 (JLL) |
| Plaintiffs, | **OPINION and ORDER** |
| v. | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. et al., | |
| Defendants. | |

This matter comes before the Court by way of a motion by plaintiffs Greg Manning et al. ("Plaintiffs") for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or, in the alternative, for reconsideration of the Court's Opinion dated March 18, 2013 denying Plaintiffs' motion to remand this matter to the Superior Court of New Jersey. (CM/ECF No. 58). Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc.; Knight Capital Americas, L.P.; UBS Securities, L.L.C.; E*TRADE Capital Markets, L.L.C.; National Financial Services, L.L.C. (collectively "Defendants" or "Merrill Lynch") filed an Opposition. (CM/ECF No. 59). Defendants argue that Plaintiffs do not demonstrate that reconsideration of the Court's previous Opinion is appropriate; however, they do not address Plaintiffs' arguments regarding certification for interlocutory appeal under 28 U.S.C. § 1292(b). The Court did not hold oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the

Court GRANTS Plaintiffs' motion for certification of an interlocutory appeal and
DENIES Plaintiffs' alternative request for reconsideration of the Court's Opinion
denying remand of this matter.

## I.    <u>Background</u>

The Court will not set forth the facts in this case, as it has already done so at
length and presently writes only for the parties.  Plaintiffs commenced this action with
the filing of a Complaint on May 8, 2012, in the Superior Court of New Jersey, Law
Division, Morris County.  (CM/ECF No. 1).  On June 7, 2012, Plaintiffs filed an
Amended Complaint in the Superior Court of New Jersey.  (CM/ECF No. 1).  Defendants
removed the action to this Court on July 17, 2012.  At that time, as now, Defendants
contend that removal is proper on two separate grounds: (1) the Court is vested with
exclusive jurisdiction under Section 27 of the Securities Exchange Act of 1934, 15
U.S.C. § 78aa ("Exchange Act" or the "Act"); and (2) the Court is vested with original
jurisdiction because Plaintiffs' claims raise, and arise under, federal law.  Plaintiffs filed a
motion to remand and for an award of attorneys' fees on August 16, 2012.  (CM/ECF No.
11).  On March 20, 2013, this Court denied Plaintiffs' motion.  (CM/ECF Nos. 48, 49).
Plaintiffs filed the instant motion for leave to appeal or, in the alternative, for
reconsideration on April 18, 2013.  (CM/ECF No. 58).[1]

## II.    <u>Discussion</u>

## A. Certification for Interlocutory Appeal

---

[1] In addition, Plaintiffs request that this Court stay discovery pending appeal.  However, the parties have
already stipulated to same and, accordingly, that request is moot.  (CM/ECF No. 64).

In order to certify a question for interlocutory appeal, a district court must find that the following factors are satisfied: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion regarding the question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The decision of whether to certify is within the discretion of the district court, even if all of the above-mentioned criteria are met. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974); *National Health Plan Corp. v. Teamsters Local 469*, No. 09-1507, 2013 WL 1750008, at *4 (D.N.J. Apr. 22, 2013); *In re Norvergence, Inc.*, No. 08-1910, 2008 WL 5136706, at *2 (D.N.J. 2008).

The parties do not dispute, and the Court agrees, that the above listed factors are satisfied in this case.[2] As to the first factor, for purposes of Section 1292(b), a controlling question of law is one which, if decided incorrectly, would require reversal of the final judgment. *Katz*, 496 F.2d at 755; *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Ed.*, No. 07-2978, 2008 WL 4692345, at *3 (D.N.J. Oct. 8, 2008) (quotation omitted). In this case, whether this Court has subject matter jurisdiction is a controlling question.

With regard to the second factor, "the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard." *Kapossy*, 942 F. Supp. at 1001. There is substantial ground for difference here, as evinced by the different outcome reached by this Court and Magistrate Judge Michael Hammer in this case, as well as those of other Courts in this District in other cases dealing with similar issues.

---

[2] For the sake of completeness, the Court notes that although Defendants do not address the appropriateness of certification in the body of their brief, they represent in a footnote that "Defendants take no position on Plaintiffs' motion to certify this Court's order denying remand for interlocutory appeal under 28 U.S.C. § 1292(b), but note that if the Court grants Defendants' forthcoming motion to dismiss, the Third Circuit will be able to more efficiently resolve the entire case in a single appeal." (Defs.' Opp'n. 1 n. 1).

Finally, there is little doubt that an immediate appeal may ultimately advance the termination of the litigation.  If the Court of Appeals determines that this Court lacks jurisdiction, the case will be remanded to the Superior Court of New Jersey and the federal litigation will be terminated.  On the other hand, denial of the instant motion could result in a needless waste of time and resources on the part of the Court as well as the parties if this Court lacks subject matter jurisdiction.

It is the case that certification should be permitted rarely, as it deviates from the strong policy against piecemeal litigation. *Kapossy*, 942 F. Supp. 996 at 1001.  However, given the procedural posture of this case, that concern is not present here.  Accordingly, in its discretion, the Court will certify for interlocutory appeal the question of whether remand is appropriate in this case.

## B. Reconsideration

"A party seeking reconsideration must satisfy a high burden, and must 'rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J., 2010) (quoting *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Significantly, a motion for reconsideration is not a vehicle to re-litigate old matters or argue new matters that could have been raised before the court made its original decision. *See, e.g.*, *P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001); *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) ("A motion for reconsideration should not provide the parties with an opportunity

4

for a second bite at the apple."). Thus, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F.Supp. 705, 709 (D.N.J 1989), appeal dismissed, 919 F.2d 225 (3d Cir. 1990)).

Reconsideration is an "extraordinary remedy," which should be "granted very sparingly" *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J., Oct. 7, 2003) ("[R]econsideration is an extraordinary remedy, that is granted 'very sparingly', and only when 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered"). Motions made under Federal Rule of Civil Procedure 59(e) are governed by Local Rule 7.1, which requires that the moving party "set forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Further, "[t]he word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, 'only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.'" *Leja v. Schmidt Mfg., Inc.*, 743 F.Supp.2d 444, 456 (D.N.J., 2010) (citations omitted). Finally, "[t]he fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5172, 2011 WL 2975532 *at 3 (D.N.J. Jul. 21, 2011).

As an initial matter, under the Local Rules, a motion for reconsideration must be served and filed within 14 days after the entry of the order or judgment on the original motion. L. Civ. R. 7.1(i). In this instance, the Court issued the relevant Order on March 20, 2013 and Plaintiffs filed their motion on April 18, 2013. As Defendants contend, that is more than twice the length prescribed by the Local Rule. (Defs.' Opp'n. 1). Accordingly, Plaintiffs filed their motion well outside the time allotted by the Local Rules.

In any event, the Court finds that Plaintiffs do not satisfy the high burden which would warrant reconsideration. Plaintiffs do not point to an intervening change in controlling law or the availability of new evidence. Accordingly, the only possible remaining ground upon which the Court could reconsider its previous Opinion is the need to correct a clear error of law or prevent manifest injustice.

As noted by the Court in its previous Opinion, no party pointed to controlling authority on the issue of whether Section 27 of the Exchange Act provides exclusive federal jurisdiction under the specific circumstances raised in this case, namely, where state claims are predicated on a violation of the Exchange Act. Nor do Plaintiffs contend that the Court overlooked any controlling authority on the issue of whether the instant matter arises under federal law. Rather, as Plaintiffs clarify in their Reply, their position is that the "Court should re-examine its prior decision as it did not fully examine the facts of the case in the context of on-point cases previously cited from [the] District Court of New Jersey, as well as several out of district cases." (Pls.' Reply, 4). However, as explained by the Third Circuit,

> it is clear that there is no such thing as "the law of the district." Even where the facts of a prior district court case are, for all practical purposes,

the same as those presented to a different district court in the same district, the prior resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another.

*Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) (quotations omitted). Therefore, Plaintiffs fail to satisfy their burden to demonstrate that reconsideration is appropriate here.

### III.     Conclusion

For the reasons stated above, Plaintiffs' fail to satisfy their burden to demonstrate that reconsideration is appropriate. However, the Court finds that the requirements of 28 U.S.C. § 1292(b) have been met. Therefore, under the circumstances of this case and in its discretion, the Court will certify for interlocutory appeal the question of whether remand is appropriate. Accordingly,

**IT IS** on this 23 day of May, 2013,

**ORDERED** that Plaintiff's motion is denied insofar as it seeks reconsideration of the Court's March 20, 2013 Opinion and Order; and it is further

**ORDRED** that Plaintiffs' motion to certify for interlocutory appeal this Court's March 20, 2013 Opinion and Order to the Court of Appeals for the Third Circuit is GRANTED; and it is further

**ORDERED** that the specific question to be certified is as follows:

Whether this Court has subject matter jurisdiction over the instant matter by virtue of either of the following: (1) Section 27 of the Securities Exchange Act of 1934; and/or (2) Plaintiffs' claims raise, and arise under, federal law.

and it is further

**ORDERED** that pursuant to 28 U.S.C § 1292(b), within ten days from the entry of this Order, Plaintiffs shall file an appeal in the Court of Appeals for the Third Circuit.

**SO ORDERED.**

Jose L. Linares
United States District Judge

8